**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES C. MOORE, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:22-CV-02892-MAB** |
| | ) | |
| **SENTRY LIFE INSURANCE** | ) | |
| **COMPANY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

Plaintiff James C. Moore, M.D., filed this *pro se* action against Sentry Life Insurance Company ("Sentry"), American Medical Association ("AMA"), and AMA Insurance Agency Inc. (collectively, "Defendants") following a reduction in Plaintiff's monthly benefit payments (Doc. 3). Presently before the Court is Defendants' motion to dismiss and supporting brief (Doc. 31). For the reasons set forth below, the motion to dismiss is GRANTED.

### <u>Factual and Procedural Background</u>

In 1983, Sentry issued a Group Disability Income Insurance Plan to AMA (hereinafter, the "AMA Policy") (Doc. 3 at Ex. 1). Plaintiff was issued a Certificate of Insurance under the AMA Policy, effective January 8, 1987, and an Individual Schedule of Benefits (*Id.* at Ex. 2). Pursuant to the AMA Policy, Certificate, and Schedule

(collectively, the "Disability Plan"), Plaintiff was to receive a monthly benefit payment of

$8,000.

The AMA Policy and Certificate both contained identical provisions regarding

reductions in monthly benefit payments, providing:

MONTHLY INDEMNITY

PART I

A. If total disability of the Insured commences while the policy is in force as to the Insured, and continues throughout the Elimination Period as stated in the Schedule, the Company will pay the amount of the Monthly Indemnity stated in the Schedule applicable to the Insured for each month (or one-thirtieth of such Monthly Indemnity for each day) throughout which such total disability continues beyond such Elimination Period except that an Insured who becomes disabled on or after his or her fiftieth birthday will have his or her monthly indemnity terminated on the latest of the following dates: (1) the 70th birthday, or (2) on the date he or she received 24 monthly indemnity.

REDUCTION IN MONTHLY INDEMNITY PAYABLE

The Monthly Indemnity shown in the Schedule will reduce at age 65 to the greater of $1,000 or 25% of the Monthly Indemnity shown in the Schedule except that:
(1) if the amount shown in the Schedule is less than $1,000, it shall remain at the amount shown in the Schedule, and
(2) an Insured who is disabled on his or her 65th birthday will have his or her Monthly Indemnity reduced on the earliest of the following dates:
   (a) the 65th birthday if such Monthly Indemnity payments have been received for 12 or more months, or
   (b) on the date he or she has received 12 Monthly Indemnity payments for the current disability.

(*See Id.* at Ex. 1 & 2).

In 1994, Plaintiff became totally disabled at the age of 45 (*Id.* at p. 4). Pursuant to

the Disability Plan, Defendants paid Plaintiff $8,000 per month for roughly twenty years

(*Id.*). However, in November 2013, Defendants sent a letter to Plaintiff, asking him to verify that he was 65 years old and informing him that his monthly benefit payment would be reduced to $2,000 per month beginning on January 8, 2014 (*Id.* at Ex. 3). Plaintiff signed the letter on November 18, 2013 (*Id.*). Since January 8, 2014, Plaintiff has received monthly benefit payments of $2,000 per month (Doc. 3 at p. 4).

Plaintiff filed this action on December 9, 2022. Plaintiff's complaint raises five counts, alleging: (1) breach of contract; (2) breach of implied-in-fact contract; (3) breach of implied covenant of good faith and fair dealing; (4) a violation of the Illinois Insurance Code, 215 Ill. Comp. Stat. § 5/155; and (5) promissory estoppel (*Id.* at pp. 5-11). In response, Defendants filed the instant Rule 12(b)(6) motion to dismiss, arguing Plaintiff failed to state a claim for which relief can be granted because his own allegations and exhibits demonstrate Defendants complied with the Disability Plan (Doc. 31 at p. 2). Additionally, Defendants argue Plaintiff's claims are barred by the applicable statutes of limitations (*Id.* at pp. 14-16).

## Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Nonetheless, "[t]o survive

a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the plaintiff does not need to provide "detailed factual allegations," the plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Determining whether a complaint plausibly states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. [1]

## Discussion

### I.   Breach of Contract

In Count I, Plaintiff alleges a breach of contract based upon the reduction in his monthly benefit payments from $8,000 per month to $2,000 per month. In response, Defendants argue Plaintiff's claim should be dismissed because Plaintiff's own exhibits irrefutably prove that Defendants complied with the Disability Plan.

---

[1] The Court is also mindful that Plaintiff is appearing *pro se*. Even though Plaintiff's *pro se* complaint as well as his response in opposition to the motion to dismiss are drafted with a level of sophistication not normally seen from *pro se* litigants (*see* Docs. 3, 34), the Court must still liberally construe the complaint and it must be "held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

As an initial matter, the Court notes that it is not limited to solely considering Plaintiff's complaint when reviewing Defendants' motion to dismiss. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). Instead, the Court may also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Id.* (quoting *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012)). Notably, "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see also In re Peregrine Fin. Grp., Inc.*, 487 B.R. 498, 504 (Bankr. N.D. Ill. 2013) ("When a party moves to dismiss a complaint for failure to state a claim based on contract interpretation, courts examine whether or not the clear, unambiguous language of a contract contradicts the plaintiffs' allegations.").

To state a claim for breach of contract under Illinois law, "a claimant must allege: (1) the existence of a valid and enforceable contract; (2) its performance of the contract; (3) **defendant's breach of the contract**; and (4) that it was damaged as a result of the breach." *Facility Wizard Software, Inc. v. Se. Tech. Servs., LLC*, 647 F. Supp. 2d 938, 946 (N.D. Ill. 2009) (emphasis added). Consequently, the key question here is whether, in light of the Disability Plan itself, Plaintiff sufficiently alleged a breach of the Disability Plan based on Defendants' action of reducing Plaintiff's monthly benefit payments.

Here, the plain and unambiguous language of the Disability Plan clearly contradicts Plaintiff's allegations and thus the Court concludes that Plaintiff has failed to

state a claim for breach of contract. Significantly, Part I(a) of both the AMA Policy (Doc. 3 at Ex. 1) and Certificate of Insurance (Doc. 3 at Ex. 2) state, in pertinent part, "The Monthly Indemnity shown in the Schedule will reduce at age 65 to the greater of $1,000 or 25% of the Monthly Indemnity shown in the Schedule[.]"[2] In other words, the Disability Policy explicitly provided for Plaintiff's monthly benefit payments to be reduced to 25% of $8,000 when Plaintiff turned 65 years old (*i.e.*, $2,000). Plaintiff does not allege that his monthly benefit payments were reduced to less than 25% of $8,000 or that the reduction came before he turned 65 years old. In fact, Plaintiff attached a letter that he signed to the complaint, which explained that his benefits were to be reduced due to his age (Doc. 3 at Ex. 3).

Crucially, the only breach of contract allegation Plaintiff asserts is directly contradicted by the Disability Plan that Plaintiff attached to his Complaint. As previously noted, the Court is entitled to consider the Disability Plan in determining the plausibility of Plaintiff's allegations. *See Bogie*, 705 F.3d at 609 (7th Cir. 2013). Accordingly, because the reduction in monthly benefit payments is the only breach of contract Plaintiff alleges and was expressly provided for in the Disability Plan, Plaintiff has failed to sufficiently allege Defendants committed a breach of contract. *See generally Sullivan as Tr. of Thomas P. Sullivan Irrevocable Tr. Dated Dec. 27, 1991 v. Transamerica Life Ins. Co.*, No. 19-CV-2678, 2019 WL 6769691, at *4 (N.D. Ill. Dec. 12, 2019).

---

[2] The reduction provision goes on to list two exceptions to the generally applicable reduction. However, neither exception is applicable to Plaintiff because of the age he became disabled and the amount of his monthly benefit payment.

Furthermore, the Court is not persuaded by Plaintiff's argument that Part I(a) does not apply to him because he was injured at 45 years old. To support this argument, Plaintiff emphasizes the first section of Part I(a), which deals with terminations, and provides that this section only applies to insureds who become disabled on or after their fiftieth birthday (*see* Doc. 3 at Ex. 1). While at first blush, it might appear that Plaintiff has a point because he became disabled before his fiftieth birthday. But a careful reading of the language reveals that Plaintiff's argument misses the mark because Plaintiff's monthly benefit payments were ***reduced***, not terminated. Thus, the only relevant provision to his specific breach of contract claim is the ***reduction provision***, which provides no comparable age cutoff. Moreover, Plaintiff provides no reasonable explanation as to why the age cutoff in the termination provision should also apply to the reduction provision, which already has its own exceptions and age requirements.

For these reasons, Count I of Plaintiff's complaint is dismissed.

## II.   Count II – Breach of Implied-In-Fact Contract

Plaintiff also alleges Defendants words and conduct constituted an implied promise to pay him $8,000 per month for the entirety of his life. In response, Defendants contend Plaintiff's implied-in-fact claim must be dismissed because it relies upon the same promises and agreements contained in the Disability Plan. The Court agrees with Defendants and finds Plaintiff's implied-in-fact claim must be dismissed.

For one, even if Plaintiff could bring a separate implied-in-fact contract claim, Plaintiff has not alleged or pointed to any conversations, conduct, or writings by

Defendants, outside of those contained within the Disability Plan. Additionally, under Illinois law, "plaintiffs cannot pursue quasi-contractual claims where there is an express contract between the parties." *Prodromos v. Poulos*, 560 N.E.2d 942, 948 (Ill. App. Ct. 1990) (explaining that quasi-contract claims are only available in the absence of an express agreement). Furthermore, to the extent Plaintiff claims Defendants made conflicting representations to him, "any evidence of statements made during the negotiation of the Agreements is barred by the parole-evidence rule, which excludes evidence of prior or contemporaneous agreements within the scope of a fully integrated written contract." *Sears Home Appliances Showrooms, LLC v. Appliance All., LLC*, 328 F. Supp. 3d 800, 815 (N.D. Ill. 2018); *see also Stuart Park Assocs. Ltd. P'ship v. Ameritech Pension Tr.*, 846 F. Supp. 701, 711 (N.D. Ill. 1994) ("[T]he Ameritech defendants cannot present evidence that the parties intended actual delivery, because such an argument conflicts with an express provision of the signed document."). Here, the express language of the Disability Plan must be relied upon to the extent it conflicts with Plaintiff's allegation. Accordingly, Count II is dismissed.

### III.     Count III – Breach of Implied Covenant of Good Faith and Fair Dealing

In Count III, Plaintiff alleges Defendants breached the covenant of good faith and fair dealing. Plaintiff further claims a breach of the covenant of good faith and fair dealing may give rise to a cause of action in tort.

This point merits little attention. While an obligation to deal in good faith is implied in all Illinois contracts, that obligation does not create an independent cause of

action. *Siegal v. GEICO Cas. Co.*, 523 F. Supp. 3d 1032, 1038-39 (N.D. Ill. 2021) ("This covenant does not, however, create an independent cause of action or an additional source of duties for the parties to the contract."); *LaScola v. U.S. Sprint Commc'ns*, 946 F.2d 559, 565 (7th Cir. 1991). Moreover, just as in Count II, Plaintiff cannot use the covenant of good faith and fair dealing to contradict the express terms of the Disability Plan. *See generally Cont'l Bank, N.A. v. Everett*, 964 F.2d 701, 705 (7th Cir. 1992) ("As a method to fill gaps, [the covenant of good faith] has little to do with the formation of contracts … and nothing to do with the enforcement of terms actually negotiated."). For these reasons, Count III is dismissed.

## IV.    Count IV – 215 Ill. Comp. Stat. § 5/155 of the Illinois Insurance Code

Plaintiff also alleges a violation of 215 Ill. Comp. Stat. § 5/155. Specifically, Plaintiff contends Defendants are liable for their wrongful and vexatious refusal to pay or negotiate with Plaintiff and their additional conduct related to his claim.

The Court disagrees. Plaintiff's vexatious refusal claim lacks merit because Defendants' reduction in monthly benefit payments occurred pursuant to the contract. "[W]hen an insurer presents a *bona fide* defense, a section 155 action cannot be maintained." *O'Connor v. Country Mut. Ins. Co.*, 999 N.E.2d 705, 709 (Ill. App. Ct. 2013); *see also Hanover Ins. Co. v. R.W. Dunteman Co.*, No. 19-CV-1979, 2020 WL 1042053, at *3 (N.D. Ill. Mar. 4, 2020) ("Illinois courts have unequivocally stated that no Section 155 relief is available when there is a bona fide dispute over coverage."). Having found Defendants' conduct did not constitute a breach of contract, it necessarily follows that Defendants'

refusal to pay or negotiate with Plaintiff was neither vexatious nor unreasonable. Count IV is dismissed.

## V.   Count V – Promissory Estoppel

Finally, Plaintiff raises a promissory estoppel claim, arguing he relied to substantial detriment upon Defendants' promises to pay him $8,000 per month for the remainder of his life in the event he became permanently disabled. Defendants counter that promissory estoppel is inapplicable when there is an express contract and Plaintiff's attempt to relitigate Defendants' alleged breach of contract must be dismissed.

The Court agrees with Defendants. "Under Illinois law, a claim for promissory estoppel will only succeed where all the other elements of a contract exist, but consideration is lacking." *Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005). As a result, "where there is 'no issue of consideration, there is no gap in the remedial system for promissory estoppel to fill.'" *Id.* (quoting *All–Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869-70 (7th Cir. 1999)). Here, Plaintiff cannot seek to recover under the theory of promissory estoppel because Plaintiff does not dispute the existence of an enforceable contract. *See Prentice v. UDC Advisory Servs., Inc.*, 271 Ill.App.3d 505, 512, 648 N.E.2d 146, 150 (Ill. App. Ct. 1995) ("However, once it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract

between the parties and therefore consideration exists, then a party may no longer recover under the theory of promissory estoppel."). Consequently, Count V is dismissed.[3]

## VI.   <u>Dismissal With Prejudice.</u>

Defendants asked the Court to dismiss Plaintiff's claims with prejudice. While the Court typically prefers to dismiss and offer leave to amend at least once, dismissal with prejudice is appropriate here because it is clear the defects in Plaintiff's complaint are incurable. *See generally Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) (dismissal with prejudice was appropriate where the district court believed the plaintiffs could not cure the deficiencies in their complaint); *Seale v. Peacock*, 32 F.4th 1011, 1028 (10th Cir. 2022) (dismissal with prejudice is appropriate when granting leave to amend a claim would be futile). Because it is clear that the defects in Plaintiff's complaint are incurable, leave to amend would be futile. Therefore, the dismissal of each count and this case is with prejudice.

---

[3] Because the Court is granting the motion to dismiss and dismissing Counts I through V for the reasons discussed above, the Court need not reach Defendants' arguments regarding the applicable statutes of limitations.

## <u>CONCLUSION</u>

Defendants' motion to dismiss is **GRANTED** and Plaintiff's Complaint (Doc. 3) is

**DISMISSED with prejudice** for the reasons stated in the body of this Order.

The Clerk of Court is DIRECTED to enter judgment in favor of Defendants and

CLOSE this matter on the Court's docket.

**IT IS SO ORDERED.**

**DATED: July 10, 2023**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**